## Berríos *v*. Rev. Carmelite Mothers.

### APPEAL from the District Court of San Juan.

No. 2.—Decided June 8, 1903.

PRESCRIPTION.—CREDITORS.—Although in accordance with Article 1937 of the Civil Code creditors and other persons desiring to avail themselves of prescription may do so in spite of the tacit or express waiver of the debtor or property owner, this power may only be exercised after the property which the debtor is in possession of has been sued upon for the recovery of the amount due.

COSTS.—Costs should be imposed upon the litigant who loses his case on all points.

#### STATEMENT OF THE CASE.

In the appeal in cassation, now appeal, * pending before this court in a declaratory suit regarding prescription of an action for the recovery of an annuity and interest thereon, taken by José Valentín Berríos, an employee and resident of this City, represented by Antonio Moreno Calderón, Esq. against the Reverend Carmelite Mothers, respondent, represented by Hilario Cuevillas Hernández, Esq., a request is made for the reversal of the judgment rendered by the District Court of San Juan, which literally reads:

* See Session Acts of 1903 p. 59.

NOS pende interpuesto por Don José Valentin Berrios, vecino de esta Capital, empleado, dirijido y representado por el Licenciado Don Antonio Moreno Calderón, siendo la parte apelada las R. R. M. M. Carmelitas, bajo la dirección y representación del Letrado Don Hilario Cuevillas Hernández, en juicio declarativo sobre prescripción· de acción para el cobro de un censo y sus intereses, en cuya apelación se solicita la revocación de la sentencia dictada por el Tribunal de Distrito de San Juan, que literalmente dice así :

"En la Ciudad de San Juan de Puerto Rico, á 10 de Diciembre de 1902. Vistos estos autos declarativos seguidos entre partes, de una, Don José Valentin Berrios, vecino de esta Capital, empleado, dirigido y representado por el Letrado Don Antonio Moreno Calderón, como demandante, y de la otra las R. R. M. M. Carmelitas, dirigidas y representadas primeramente por el Licenciado Don Wenceslao Bosch y luego por Don Hilario Cuevillas Hernández, como demandadas, sobre prescripción de acción para el cobro de un capital á censo y sus intereses.

*Resultando :* que acompañando la certificación del acto conciliatorio celebrado á nombre de Don José Valentin Berrios para que el representante de las R. R. M. M. Carmelitas se avenga á reconocer no es exigible por haber prescrito la acción del censo de cuatrocientos noventa pesos que según el Registro de la Propiedad .de esta Ciudad se dice reconoció Don Mauricio Guerra y pesa y grava la finca Caridad con los linderos que expresa y otorga en la escritura de cancelación, contestando la parte demandada que no siendo Berrios dueño de la precitada Estancia, no le reconoce derecho para pedir la cancelación que afecta dicha finca, y, si tuviera derecho, cuando acredite la prescripción, es cuando podrá contestar, formuló el mencionado Berrios demanda reproduciendo su petición y agregando se declare que ese censo pesa y grava la finca de Don Rafael Cofiño, denominada "Caridad", disponiéndose se cancele la inscripción en el Registro, con las costas.

*Resultando:* que funda la demanda en los hechos siguientes:

Que por escritura otorgada en 19 de Noviembre de 1893, ante el Notario Valdejuly, Don Lucas B. Borges y Berrios vendió al citado Cofiño la Estancia "Caridad" con los linderos que expresa: que el precio fué seis mil pesos mejicanos, obteniendo Cofiño cuatro mil pesos de Don José Valentin Berrios, deuda que aquél reconoció, constituyendo hipoteca: que sobre esa finca pesaba además una fianza hipotecaria á favor de la Hacienda y se suponía pesar también un censo de cuatrocientos noventa pesos, según el Registro de la Propiedad, había reconocido Don Mauricio Guerra en 8 de Junio de 1854: que en la primera escritura de 1893 se dijo que la fianza y censo ex‗

"In the City of San Juan, Porto Rico, this 10th day of December 1902, a hearing was had in the declaratory proceedings prosecuted by José Valentín Berríos, plaintiff, represented by Antonio Moreno Calderón, Esq,, against the Reverend Carmelite Mothers, defendants, represented by Wenceslao Bosch, Esq., and afterwards by Hilario Cuevillas Hernández, in the matter of the prescription of an action for the recovery of the principal sum of an annuity (*censo*) and interest thereon.

The said José Valentín Berríos filed his complaint and attached thereto a certificate of the record in the conciliatory proceeding instituted on behalf of José Valentín Berríos for the purpose of securing from the representative of the Carmelite Mothers an acknowledgment that the annuity of four hundred and ninety *pesos* and interest thereon, could not be demanded because the action had prescribed, and which annuity according to the Registry of Property of this City, Mauricio Guerra is said to have recognized as emcumbering the plantation known as "Caridad'", included within the boundaries specified in the deed of cancellation; the answer of the party defendant being that inasmuch as Berríos is not the owner of the aforesaid plantation his right to request the cancellation affecting said property is not recognized and, if he had any right in the premises, he could answer only upon his proving said prescription. In the said complaint he reproduced his petition and prayed further that it be declared that the annuity encumbers the property of Rafael Cofiño, called "Caridad", and that the cancellation of the record thereof in the Registry be ordered, with costs against defendants.

Plaintiff bases his action upon the following facts:

That by a deed executed November 19, 1893, before notary Valdejuly, Lúcas B. Borges y Berríos sold to the aforesaid Cofiño the farm "Caridad", with the boundaries as specified; that the price was six thousand *pesos*, Mexican coin, Cofiño obtaining four thousand *pesos* from José Valentín Berríos, a debt that was acknowledged by the former and secured by a mortgage on the property; that said property was further encumbered by a mortgage bond in favor of the Treasury, and it was supposed that it was also burdened with a *censo* (annuity) of four hundred and ninety *pesos*, which *censo* had been acknowledged on June 8, 1894 by Mauricio Guerra, as appears in the Registry of Property; that in the first deed of 1893, it was stated that the aforesaid bond and annuity would be extinguished, because the vendor was to procure their cancellation, José Valentín Berríos agreeing to cancel these encumbrances, and in default thereof, Cofiño would pay only a sum equal to the one that had been canceled; that the bond was canceled and José Valentín Berríos collected three thousand *pesos*, Mexican coin; that by deed of 1892, executed before notary Monserrat, Cofiño and Berríos agreed to convert into a personal debt the balance of the mortgage, José

presados estaban llamados á desaparecer porque el vende'dor iba á gestionar las cancelaciones, quedando Don José Valentin Berrios comprometido á cancelar esas cargas, quedando obligado, si no lo verificaba, no pagaría Cofiño más que una cantidad igual á la que se cancelara : que se canceló la fianza y cobró Don José. Valentin Berrios tres mil pesos mejicanos, que por escritura de 1902, ante el Notario Monserrat, Cofiño y Berrios convinieron convertir en personal el resto del crédito hipotecario, quedando de exclusiva obligación y responsabilidad de Don José Valentin Berrios la cancelación del censo : que el censo jamás ha sido reconocido, porque el reconocimiento que motivó la anotación de la inscripción en los Antiguos Libros del Registro, no existe y, aunque existiera, se ignora tuviera Don Mauricio Guerra títulos ó derechos sobre la finca "Caridad,", bastantes para afectarla, y además las colindancias y cabida no son las que la finca tiene ; que la efectividad del censo no se ha procurado, ni reclamado intereses desde 1854 hasta 1893 : siendo el derecho los artículos 1606, 1616, 1620, 1623, 1930, 1939 y 1963 del Código Civil, la Ley 5ª Título 8 Libro 2º de la Novísima Recopilación y la 21ª, Título 29, Partida 3ª

*Resultando :* que el demandado contestó se declare sin lugar la demanda con las costas, alegando los hechos siguientes : la escritura de 8 de Junio de 1854, por el actor citada, que se inscribió en la Anotaduría de Hipotecas al folio 30 vuelto, del Tomo 14, y desde ese año hasta la fecha, se hicieron varias trasmisiones en la finca gravada, siendo hoy de Don Rafael Cofiño, consignándose en todas las ventas estar afecta al censo : que en 1895 el Administrador de las R. R. M. M. Carmelitas trasladó el censo á los Modernos Libros del Registro, constando al folio 146, Tomo 13 de Bayamón, inscripción 8ª ; que de los Libros de Administración aparecen los réditos pagados hasta 1880, reclamando el Administrador los atrasados desde 1894 á Cofiño, sin lograrlo, por lo que le demandó ante el Juez Municipal de Bayamón, hace un mes, y seguido juicio, fué condenado al pago de 490 pesos de atrasos, y las costas, siendo ejecutoria esa sentencia y negando los hechos de la demanda, que se opongan á los consignados, alega la falta de acción, la cosa juzgada por dicha sentencia firme, condenando á Cofiño al pago y desestimando la prescripción que alegara, citando además los artículos, 1948, 1963, y 1973 del Código Civil.

*Resultando :* que en las pruebas del actor consta : copia de las dos escrituras de cancelación de la hipoteca voluntaria de 19 de Noviembre de 1893, y 1º de Julio de 1896, en la que aparece el compromiso de gestionar Don Lucas B. Borges, ó su apoderado, la cancelación del censo en las oficinas correspondientes, y si no se llegase á cancelar será responsable al pago de los réditos atrasados á la fecha de la primera escritura Don José Valentin Berrios, que los deberá satisfacer de los bienes que posea, constando en la escritura de 17 de Junio de 1902, que aún no ha conseguido Berrios la cancela-

Valentín Berríos assuming the exclusive obligation of and responsibility for the cancellation of the annuity; that the annuity has never been acknowledged, for the acknowledgment giving rise to the annotation of the record in the old books of the Registry does not exist, and even if it did, it is not known that Mauricio Guerra had sufficient title or right to the property to create any encumbrance upon it and, moreover, the boundaries and acreage given are not those of the property; that no steps had been taken to collect the annuity or interest thereon from 1854 to 1893; the legal authorities cited in support of the complaint being: articles 1606, 1616, 1620, 1623, 1930, 1939 and 1963 of the Civil Code, Law 5th, Title VIII, Book II, of the "Novísima Recopilación", and Law 21, Title XXIX, Partida III.

The defendant answered praying that the complaint be dismissed with costs against the plaintiff, and alleging the following facts: That the deed of June 8, 1854, mentioned by plaintiff, was recorded in the registry of mortgages on the back of folio 30, volume 14, that from that time to date, several transfers of the encumbered property were made, the present owner being Rafael Cofiño; that in all the sales it was stated that the property was encumbered by the annuity; that in 1895 the administrator of the Carmelite Mothers had transferred the annuity to the modern books of the Registry, where it appears on folio 146, volume 13 of Bayamón, record No. 8; that in the books of the administration the rents are entered as paid up to 1880, and the administrator having demanded of Cofiño payment of the outstanding rents since 1894, and failing to obtain payment, one month ago he brought a suit against him in the Municipal Court of Bayamón, and at the ensuing trial, an executory judgment was rendered against said Cofiño for four hundred and ninety *pesos* arrears, and costs.   Defendant denies all the facts alleged in the complaint which are at variance with the foregoing statement, and alleges that plaintiff has no cause of action, and that the matters decided by the aforesaid final judgment requiring Cofiño to satisfy the same were *res adjudicata* and therefore that the claim of prescription set up by plaintiff be dismissed.   He furthermore cited articles 1948, 1963 and 1973 of the Civil Code.

In the evidence introduced by the plaintiff there appear copies of the two deeds of cancellation of the voluntary mortgage of November 19, 1893, and July 1, 1896, wherein it is stated that Lucas B. Borges, or his attorney-in-fact, agrees to take steps to secure the cancellation of the annuity in the proper offices, and in case of failure, José Valentín Berríos shall become responsible for the payment of the rents outstanding on the date of the first deed, said payment to be made from property belonging to the latter, while in the deed of June 17, 1902, it is stated that Berríos had not yet secured the cancellation of the annuity, and it was agreed between him and Cofiño that the latter would give the former two promissory notes to be paid when Berríos should deliver

ción del censo, conviniendo él y Cofiño darle dos pagarés, los que el primero podrá hacer efectivo cuando entregue al segundo la certificación de haberse cancelado el censo, siendo de cuenta de Berrios los gastos de la cancelación, los del pleito para obtenerla, y los que se causen á Cofiño para el pago de los intereses vencidos, con la condición de qne si se dictara sentencia de sin lugar la cancelación, ó condenando á Cofiño al pago de los intereses vencidos, desde que dicha sentencia sea firme, quedará el pagaré de referencia sin valor ni efecto alguno.

*Resultando, además:* que de dichas pruebas del actor consta la certificación del Registrador de la Propiedad de la inscripción primera de la Hacienda San Antonio al folio 214 del Tomo 20 de Bayamón, sobre la que pesan los censos de ciento cincuenta, y cuatrocientos noventa pesos, á favor de las R. R. M. M. Carmelitas, y la inscripción segunda hecha á favor de Don Osvaldo Abril, sin que exista prueba alguna del demandado.

*Resultando:* que señalada la vista comparecieron los defensores de las partes alegando lo que estimaron conveniente á su derecho.—Siendo Ponente el Sr. Juez Presidente, Don Juan Morera Martinez,

*Considerando:* que alegada por el demandado la falta de acción, siendo el dueño de la finca gravada con el censo Don Rafael Cofiño y Lopez, y no siendo el demandante dueño de ella, ni habiéndolo sido con anterioridad, por aparecer de los documentos que en autos constan era la finca gravada de Don Lucas Braulio Borge, quien la hubo por compra á Don José Escolástico Berrios, en 26 de Mayo de 1885, carece Don José Valentin Berrios de acción y derecho para pedir la prescripción del censo que pesa y grava la finca que Borges vendiera á Cofiño, en 19 de Noviembre de 1893.

*Considerando:* que en la estipulación tercera de la venta referida quedó Borges obligado á gestionar las cancelaciones en las oficinas correspondientes, del censo, y fianza, y esto demuestra la procedencia de la falta de acción por las demandadas alegada.

*Considerando, además:* que la acción de prescripción es personalísima, pues hay que apreciar el título y condiciones necesarias para prescribir en ciertos casos, y en otros la duración de la acción que se ejercita, cuando aquélla se presentó, por si han ó no transcurrido; y no pudiendo ejercitarla el demandante, por no ser dueño de la finca gravada, no es posible contar desde qué día pudo ejercitar la acción por él establecida, ni si ha sido interrumpida por su ejercicio ante los Tribunales, por reclamación extrajudicial del acreedor, y por cualquier acto de reconocimiento de la deuda por el deudor.

*Considerando:* que siendo procedente dicha excepción, la demanda debe declararse sin lugar, con las costas al demandante.

*Fallamos:* que debemos declarar y declaramos sin lugar la demanda se-

to Cofiño a certificate showing that the annuity had been canceled, the cancellation charges, as also those of the suit to secure the same and such as might be caused to Cofiño for the payment of matured interest, to be for account of Berríos, under the condition that should judgment be rendered refusing to allow the cancellation, or condemning Cofiño to pay the interest due, then the aforesaid promissory note would remain without effect.

In addition to the aforesaid evidence submitted by the plaintiff there appears a certificate from the Registrar of Property, of the first record of the estate "San Antonio", on folio 214, volume 20, of Bayamón, which is encumbered by annuities of one hundred and fifty, and four hundred and ninety *pesos*, in favor of the Carmelite Mothers, and the second record entered in favor of Osvaldo Abril. No evidence appears to have been submitted by the defendant.

A day having been set for the hearing, counsel for the parties appeared and made such arguments as were deemed pertinent to their respective claims. Presiding Judge Juan Morera Martínez prepared the opinion of the court.

Defendant alleges that the plaintiff has no cause of action, on the ground that the property affected by the annuity belongs to Rafael Cofiño y López, and inasmuch as the plaintiff is not the owner thereof, and has never been in the past, the documents filed with the record showing that the encumbered property formerly belonged to Lucas Braulio Borges, who had acquired it by purchase, on May 26, 1885, from Escolástico Berríos, José Valentín Berríos has no cause of action and can not therefore claim the prescription of the annuity wherewith the property sold by Borges to Cofiño on November 19, 1893, is encumbered.

In the third clause of the aforesaid deed of sale, Borges agreed to take steps, in the proper offices, to secure the cancellation of the annuity and the bond, and this shows the lack of a cause of action alleged by the defendants.

Moreover, the action for prescription is of an exclusively personal character, for in certain cases the title and necessary conditions for the prescription must be considered, and, in others, the duration of the action exercised, and the time when it arose, so as to ascertain whether said action is barred or not; and inasmuch as the plaintiff can not bring such an action because he is not the owner of the encumbered property, it is not possible to determine from what date the right of action claimed by him should be reckoned, or whether the same was interrupted by its institution before the courts, by extrajudicial claim of the creditor, or by any act of acknowledgment of the debt by the debtor.

Inasmuch as the said exception is well taken the complaint should be dismissed with costs against plaintiff.

We adjudge that we should declare and do declare that the action prosecuted by José Valentín Berríos against the Carmelite Mothers, does not lie, and

guida por Don José Valentin Berrios contra las R. R. M. M. Carmelitas y absolvemos á éstas de dicha demanda, con las costas al demandante.

Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.—Juan Morera Martinez.—Juan Hernández Lopez.—Jacinto Texidor.

*Resultando :* que notificada la sentencia á los Letrados Don Antonio Moreno Calderón y Don Hilario Cuevillas Hernández, en 22 de Diciembre de 1902, el primero en la representación que ostenta interpuso recurso de casación por infracción de ley que le fué admitido, habiendo sido emplazados en 9 de Enero último.

*Resultando :* que recibidas las actuaciones en esta Corte Suprema, se personaron y acomodándose la substanciación á la Ley de la Asamblea Legislativa, aprobada en 12 de Marzo último, referente á la conversión de este Tribunal, en Tribunal de Apelación, evacuaron el trámite que para instruirse se les confirió, y tuvo lugar la vista pública el 29 del mes próximo pasado, en cuyo acto informaron *in voce* los Letrados que ante esta corte tienen la representación de las partes litigantes.

Abogado del apelante : *Sr. Moreno Calderón.*

Abogado del apelado : *Sr. Cuevillas*

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal :

Aceptando en lo substancial todos los fundamentos de hecho y los de derecho del inferior, á excepción del tercero, y

absolve the latter from all liability under the said complaint, with costs against plaintiff.

Thus by this our judgment do we finally pronounce, order and sign.—Juan Morera Martínez.—Juan Hernández López.—Jacinto Texidor."

On December 22, 1902, notice of the judgment was served on attorneys Antonio Moreno Calderón and Hilario Cuevillas Hernández, whereupon the former, on behalf of his client, took an appeal in cassation for error of law, which was allowed and on the 9th of January the parties were cited.

The record having been received in this Supreme Court, the parties appeared, and the procedure in the case was made to conform to the provisions of the Act of the Legislative Assembly, approved March 12, 1903, establishing the Supreme Court of Porto Rico as a court of appeals. The record having been submitted to the parties and duly returned, the hearing was had on the 29th of last month, when counsel for both parties made their arguments before this court.

*Mr. Moreno Calderón,* for appellant.

*Mr. Cuevillas,* for respondent.

MR. JUSTICE FIGUERAS, after making the above statement of facts, delivered the following opinión of the court:

Substantially all the findings of fact and conclusions of law of the lower court, excepting the third, are accepted.

Although article 1937 of the Civil Code provides that creditors and any other person interested in validating a prescription may benefit thereby, notwithstanding the express or implied renunciation of the debtor or owner, this power is subordinate to the provision of article 1111 of aforesaid code, and it has not been shown that the creditor Berríos had attached the property of which the debtor is in possession in order to collect what is due him.

Costs should be imposed upon the litigant who loses his case on all points. Pursuant to aforesaid articles and to Section 63 of General Order No. 118, of August 15, 1899,

we adjudge that we should affirm, and do affirm, the judgment rendered by the District Court of San Juan, December 10, 1902, with costs against apellant.

Messrs. Chief Justice Quiñones, and Associate Justices Hernández, Sulzbacher and MacLeary, concurring.